UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Deion S. Joseph,<br>        Plaintiff,<br><br>                    v.<br><br>The Boeing Company,<br>    Defendant. | CASE NO.:  2:26-cv-2146-RMG-TER<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1.  This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2.  All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

   a.  A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

   b.  Notification of the Right to Sue was received from the EEOC on or about March 26, 2026.

   c.  This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3.  Plaintiff, Deion S. Joseph, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.  Defendant, The Boeing Company, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

6.  Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7.  Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

**STATEMENT OF FACTS**

10. On or about July 14, 2021, the Plaintiff (African American) began working for Defendant as an Assembler Level B.

11. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations, satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

12. Plaintiff was subjected to numerous incidents of racial discrimination and profiling by his co-worker, Tyler Slaughton (Caucasian). One example is when Mr. Slaughton made a false incident report to Human Resources, that Plaintiff called him a "nigger" and that Plaintiff was playing offensive music around him.

13. On or about February 6, 2025, when Plaintiff's manager, Joe Higgins, called Plaintiff on the telephone thinking that he called someone else, and made the comment "I got a plan to get Deion's ass up out of here." The Plaintiff reported the inappropriate actions to his employer, but nothing was done.

14. Following Plaintiff's reports of racial discrimination, racial discrimination continued, on May 28, 2025, the Plaintiff was terminated for the false reports of Mr. Slaughton.

15. Defendant retaliated against Plaintiff for reporting the acts and failed to stop the discrimination, detrimental treatment, and inappropriate behavior, thereby creating a hostile work environment.

16. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, detrimental treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

17. Despite his reporting the behavior, Defendant did not take appropriate action to resolve the problems.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the Civil Rights Act - Racial Discrimination**

18. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

19. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was and was retaliated against and terminated based on his race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

20. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a.      In failing to continue to employ Plaintiff due to his race, color or national origin;

b.      In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

c.      In discharging Plaintiff due to his race, color or national origin and in retaliation for filing reports of discrimination and inappropriate behaviors.

21. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

23. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

25. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

26. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Civil Rights Act - Retaliation

27. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

28. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions as well as other positions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on his race, color or national origin, Plaintiff was terminated from his position in retaliation for asserting his rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

29. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

30. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

31. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

32. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

### REQUEST FOR RELIEF

33. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

34. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

35. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

4

2.      Prejudgment interest, costs and attorney's fees as may be allowed by law;

3.      Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4.      Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5.      Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.      Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

 *s/ Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
June 1, 2026.